## THE STATE v. SMITH.

1. **Criminal Law: LARCENY: VALUE OF PROPERTY.**   Upon the trial of one indicted for larceny, where the value of the property alleged to have been stolen is in issue, the jury should be instructed to find, as the value of the property, what it would realize in the ordinary course of trade, and not merely what it was worth to the owner.

*Appeal from Buchanan District Court.*

MONDAY, JUNE 10.

THE defendant was indicted for larceny.   The alleged crime consisted in stealing a set of double harness, of the value of twenty-five dollars, from a building in the night time.   There was a verdict of guilty, and the defendant was sentenced to the penitentiary for two years.

*Bruckart & Ney,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ROTHROCK, CH. J.—I.   The evidence shows beyond question that the defendant was guilty of stealing the property described in the indictment.

The contest upon the trial was as to the value of the property.   The jury found the value to be twenty-one dollars. Counsel for defendant insists that this finding was not supported by the evidence, and that the jury were not warranted in finding the value of the harness to have been more than twenty dollars.   It is true a majority of the witnesses, and

those who seem to be well qualified to estimate the value, fix it at less than twenty dollars. But the owner of the property estimated it at twenty-five dollars, and two other witnesses estimate the value at from twenty to twenty-five dollars. We cannot, therefore, say that the verdict is not supported by the evidence.

II. The court instructed the jury as follows upon the question of the value of the property:

"5. In regard to the value of the property alleged to have been stolen herein, it is not what the harness would bring at a forced sale, nor what a witness would give for it, but what was it worth to the owner at the time it was taken from him."

In view of the fact that the owner of the property was the only witness who testified positively that the value exceeded twenty dollars, we think this instruction was calculated to mislead the jury. It is conceded by the Attorney General that the rule of the instruction is not strictly correct, but he insists that the jury estimated the real value, and that, therefore, the instruction was error without prejudice. We cannot so regard it. If it were not for the testimony of the owner of the property, the verdict should have been set aside for want of evidence to support it.

His evidence was a mere general statement of value, without more.

What the basis of his valuation was does not appear.

The jury should have been instructed to find the real value of the harness in the market; that is, in the ordinary course of trade or business between buyers and sellers of that kind of property.

REVERSED.